*McIntire, Walsh & Bernstein, S. N. Gazan,* contra.

---

13500. CHESTATEE PYRITES & CHEMICAL CORPORATION *v.* WORTH-INGTON PUMP & MACHINERY CORPORATION.

STEPHENS, J. This being a suit for an alleged breach by a purchaser of a contract of sale of personalty where the seller seeks to recover the contract price of personal property contracted to be sold which the seller has retained and stored for the benefit of the purchaser, and the parties being at issue as to whether any contract had arisen by an alleged acceptance by the seller of the purchaser's written offer to buy before the withdrawal of the offer by the purchaser, and, if a contract existed, as to whether the seller or the purchaser breached the contract, and the written correspondence between the parties introduced in evidence authorizing the inference that, if the purchaser's written offer was not accepted by the seller by a written acceptance on the identical paper which contained the offer, it was nevertheless accepted by extraneous written communications from the seller to the purchaser which the purchaser acquiesced in and treated as an acceptance of his offer, and the written correspondence also authorizing the inference that the purchaser had agreed to an extension of the time for the delivery of the property as provided in the contract, and had therefore waived its right to insist upon delivery of the property within the time contracted, and that the purchaser's attempted cancellation of the contract before the agreed deferred date for delivery, upon the ground of an alleged prior breach by the seller in failing to make delivery within the time contracted for, was itself a breach of the contract, a verdict finding for the plaintiff the balance due on the purchase price named in the contract, and against the defendant's counterclaim for a refund of a part payment on the purchase price which had been made by the defendant to the plaintiff, was authorized.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.<br>DECIDED MARCH 1, 1923.

Action for breach of contract; from Fulton superior court —
Judge Pendleton. December 19, 1921.

*Watkins, Russell & Asbill,* for plaintiff in error.

*Rosser, Slaton & Hopkins,* contra. 